FULTON EDMONDSON v. THE STATE.

PROCESS FOR WITNESSES.—The issuance of a subpœna for a witness during the progress of a cause, at the request of a party, is a matter of right when it is not shown that the witness' attendance cannot be procured, and is not a matter resting in the discretion of the judge or clerk.

APPEAL from Bastrop.   Tried below before the Hon. I. P. Richardson.

On the trial of this cause an attachment was asked for by the defendant for one Nolen, who, it was alleged, lived about five miles from the town of Bastrop, where the trial was progressing.   The application for attachment was orally made and defective in failing to state facts which authorized the writ.   Defendant then asked for a subpœna, which the clerk refused to issue, on account of the remark made by the presiding judge that "no process would be allowed to issue in this case to kill time."   The record discloses that eleven witnesses were examined in the case after the application for process was refused.

The testimony is too voluminous for insertion, but as is stated in the opinion of the court it left in doubt the question as to whether the defendant, or the alleged owner, was the true owner of the property charged to have been stolen.

*J. P. Fowler*, for appellant.

*A. J. Pealer, Assistant Attorney General*, for the State.

REEVES, ASSOCIATE JUSTICE.—Appellant prosecutes this appeal from a conviction for stealing two hogs alleged in the indictment to be the property of Mary Nolen.

During the progress of the trial and after the evidence for the State had been closed the defendant's attorney stated to the court that since the commencement of the

trial the defendant had learned that Alex. Nolen was a material witness for him, and asked an attachment for the witness. It appears from a bill of exceptions that the court, on being informed that the witness lived about five miles from the court-house, refused to order the attachment. It was further shown that the clerk of the court also refused to issue a subpœna for the witness when demanded by defendant's attorney because of some remarks made by the the judge at that time. This action of the court is assigned for error.

As explained by the judge in the bill of exceptions, he refused to allow the process to issue for the reason that the witness could not be brought into court before the trial was ended, unless it should be prolonged, as the witness lived five miles distant.

Counsel complains that the remark of the judge made at the time he applied for the writ, to the effect that he would " allow no process to issue in the case to kill time," was a reflection upon his motives in asking for the subpœna, and was calculated to prejudice the jury against the defendant and his counsel and to influence them in making up their verdict. The judge, in the bill of exceptions, says in substance that he did not so intend it.

Regarding the question in its legal aspect only we see no sufficient reason why the subpœna should not have been issued by the clerk. If the witness had failed to appear and testify in obedience to the writ, and further time had been asked, the judge, in the exercise of his discretion, might have required the party to proceed with the trial without delay. But time was not asked, and the witness might perhaps have been brought before the court before the examination of the witnesses in the case already in court was concluded, as was stated by counsel at the time.

The application for the attachment was not in writing, but seems to have been made orally to the court. It appears in the bill of exceptions that defendant's attorney

stated to the court that the evidence of the witness Nolen was material, but in other respects the application fails to comply with the requirements of the statute, and the refusal to order the attachment was not improper.

We are not prepared to say that the clerk should have been required to issue process for the appearance of the witnesses for the purpose of taking their voluntary affidavits in support of the motion for a new trial. However that may be, the defendant was not injured on that ground, as the witnesses did appear before the clerk, voluntarily or otherwise, and furnish their affidavits, and which were used in the hearing of the motion.

Appellant further assigns for error the action of the court in overruling his motion for a new trial.

The evidence before the jury was conflicting as to the ownership of the hogs. The witnesses for the State proved that they belonged to Mrs. Nolen. The evidence in behalf of the appellant was fully as positive that he was the owner. The case is suggestive of a trial of the right of property rather than a prosecution for theft, and the evidence leaves the question in doubt whether Mrs. Nolen or appellant was the owner of the animals in controversy. Title only, if it were shown that Mrs. Nolen was the owner of the hogs, would not support the charge of theft, but it must also be shown that the taking was fraudulent to warrant a conviction. The court properly instructed the jury that if the defendant took the hogs in good faith, believing they were his own, he is not guilty of theft.

The charge, though correct in the main, is defective in failing to inform the jury that the taking must be fraudulent to constitute theft. This may be inferred from the charge as a whole, but still the character of the taking should have been fully explained to the jury and not left to inference.

We think the motion for a new trial should have been granted mainly because the evidence fails to show a felo-

nious intent on the part of appellant, though the jury may have believed that Mrs. Nolen was the owner of the hogs. Judgment reversed and case remanded.