### JOE MILLIRONS v. THE STATE.

*No. 950. Decided December 6.*

1. **Continuance—Sufficiency of Application for.**—The facts expected to be proved by the absent witness or witnesses must be definitely set out, or an application for continuance will be insufficient.

2. **Same—Facts Stated Must be Exculpatory.**—Even when absent testimony is set out in an application for continuance, and the same appears to be "material and probably true," unless such facts are exculpatory, or tend to discredit or explain inculpatory facts, the continuance should not be granted. Following McAdams v. The State, 24 Texas Criminal Appeals, 101; Pruitt v. The State, 30 Texas Criminal Appeals, 156.

3. **Bills of Exception—Practice on Appeal.**—Bills of exception not filed until after the adjournment of the term of the court will not be considered, even though incorporated in the statement of facts properly ordered to be filed after the term.

4. **Evidence—Newspaper Reports.**—A newspaper report containing a statement of the circumstances attending the commission of the crime is not admissible as evidence.

APPEAL from the Criminal District Court of Dallas. Tried below before Hon. CHARLES F. CLINT.

This appeal is from a conviction for robbery, the punishment assessed being five years' imprisonment in the penitentiary. The party alleged to have been robbed was one J. J. Osborne, who testified, substantially, that he was robbed in his storehouse by the defendant, about 4 o'clock on the morning of Sunday, September 3, 1893, of $134; that he knew the defendant well, and had known him for several years; that defendant, during the robbery, had struck him over the head with his pistol. It was proven by other witnesses, that Osborne, on Sunday morning before daylight went to a saloon, having on only his night clothes, and with his head bloody, and told them there that he had been robbed by Joe Millirons, the defendant. The morning after the robbery Millirons was displaying money at Mrs. Cox's house, where he got his breakfast, some of which he gave to some boys that he met with there. After breakfast he left the city of Dallas in company of one Joe Rigney. Rigney says, that after getting out of the city the defendant told him that he had robbed "old Arkansaw" (J. J. Osborne) of over over $100. These parties went on to Fort Worth, where they were arrested the next day by a deputy sheriff from Dallas

County, and some $70 or $80 was taken from the person of the defendant by the officer. Defendant claimed that he had won the money from Osborne, gambling, and one or two other witnesses stated, that they saw Osborne and defendant gambling together in Osborne's store at a late hour on Sunday night. But this testimony was positively contradicted by several witnesses for the State, in rebuttal, and especially by some police officers, who had examined the premises during the early hours of Sunday morning.

*W. T. Strange*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for the robbery of J. J. Osborne. He applied for a continuance for the testimony of Tom Lockett, by whom he expected to prove, "that a little after 2 o'clock on September 3, 1893, he saw defendant and J. J. Osborne on Commerce street, engaged in conversation with each other." This is too general and indefinite to be considered. The facts expected to be proved by the absent witness should have been definitely set out in the application. What bearing did the evidence stated have upon any issue in the case? The robbery occurred at night, after 2 o'clock. Did the conversation occur after 2 o'clock at night, or in the day? What bearing did the mere fact that the conversation occurred between them have upon any issue in the case? Where is the Commerce street alluded to in the application? Was it in Dallas, and was it the Commerce street referred to by the witnesses in the statement of the facts? But, if true, and properly set forth in the application, the evidence could have no applicable exculpatory bearing on the case that we can discover. Even where the absent testimony is "material and probably true, the case should not be continued unless the facts are exculpatory, or tend to discredit or explain the inculpatory facts." McAdams v. The State, 24 Texas Crim. App., 101; Pruitt v. The State, 30 Texas Crim. App., 156. There was no error in this ruling of the court.

The remaining bills of exception, having been filed after adjournment of the term of the court, can not be considered. "The rule is the same where the bill appears only in the statement of facts which is filed and approved after the term, upon a proper order for that purpose." The bills here spoken of were incorporated in the statement of facts, and filed after the end of the term. Lockett v. Schurenberg, 60 Texas, 610; Willis v. Donac, 61 Texas, 588; Tom v. Sayers, 64 Texas, 339; Yoe v. Montgomery, 68 Texas, 338; Schaub v. Brewing Co., 80 Texas, 634; Frisby v. The State, 26 Texas Crim. App., 180. The practice in this regard is the same in criminal as in civil causes. Willson's Crim. Stats., secs. 2364, 2366.

One of the bills contained in the statement of facts was reserved to the admission of an article with large headlines, published in the Dallas

Morning News, a daily paper published in the city of Dallas, where the robbery occurred. This article gave a rather extended detailed statement of the circumstances attending the commission of the offense. Why this was offered or admitted as evidence we are unable to discover, and, had the bill been reserved in such manner as to have entitled it to consideration, would have operated to reverse the judgment. But, as presented, we can not consider the bill.

After a careful revision of the testimony, we do not think the contention of appellant well taken that the evidence does not support the conviction.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.