### Elias Simmons v. The State.

No. 397. Decided March 30, 1910.

#### 1.—Aggravated Assault—Continuance—Diligence.

Where, upon trial for aggravated assault, the defendant presented his first application for continuance, and it appeared that the testimony of the absent witness was material, the same should have been granted, although the diligence was not strictly legal. Ramsey, Judge, dissenting.

**2.—Same—Evidence—General Reputation.**

Where, upon trial for aggravated assault, the defendant introduced evidence that the reputation of prosecutrix for peace was bad, and upon cross-examination the State was permitted to show that this reputation was based upon the trouble out of which the assault originated, it was error not to have permitted the defendant to show whether it was not a fact that he had heard of the prosecutrix having many fusses and fights, and having trouble with white women. Ramsey, Judge, dissenting.

Appeal from the County Court of Rusk. Tried below before the Hon. S. J. Hendrick.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with aggravated assault, and the facts show that it was an assault upon his wife brought about by a family quarrel or disturbance.

1. When the case was called for trial appellant filed an application for a continuance on account of the absence of Sam Franklin. His residence was alleged to be in Wood County, and he was a son-in-law of appellant and appellant's wife. That before the court met on the first Monday in September witness left Rusk County without appellant's knowledge, nor did he know where he had gone. That on the first day of the term of the County Court he learned witness had moved to Wood County, and he asked for a postponement to a future day of the term and for a subpoena to issue to Wood County in order that he might obtain the presence of the witness and have him testify before the jury. When the application was made the court told appellant that he would not issue the subpoena for a few days, but would give appellant an opportunity to get the witness, and would cause it to issue in time; and on the same day, which was the 7th day of said month, the court set the case for Friday, the 17th of the month, and told appellant's counsel that he would let the process be issued in time to get it served before the day for trial, and appellant relying upon the statement of the court did not think but what the court would order the process issued as he stated he would do, but at the time of filing his application the process had not been issued, and witness is not in attendance upon the court. He further states after the court had made the statement in regard to the absent witness in open court appellant's counsel went around to the court and asked him if he would attend to the matter and not let the time pass without doing this. The court stated he would, as he was wanting to get the witness back here on a fine that he owed. By the absent witness appellant expected to prove that he was at the house of appellant and his wife

on the night of the trouble, and that the prosecuting witness, appellant's wife, abused and cursed appellant, and without cause, and that she assaulted appellant, and began to strike him and fight defendant while he was sitting down and before he had done or said anything to the prosecuting witness to cause her to commit the assault; and he further expects to prove by the witness that defendant never struck his wife until after she had attacked him and was beating on him, and that then he only struck her to prevent her from striking him again, and that this witness was the only party present except appellant and his wife; and that this witness will testify that appellant did not strike the prosecuting witness, as she stated before she had struck appellant. In other words, he expected to prove by the absent witness a case of self-defense. The court qualifies the bill of exception as follows: "The witness Sam Franklin was an escaped county convict, and the sheriff of Rusk County had just informed me he thought he had Sam Franklin located in Wood County, Texas, and he had phoned for the officers to arrest him, when the defendant asked for a subpoena. I said wait a day, I thought we would get him. I did not tell him to not get out process, for him to only wait a day or two and he would then have plenty time, as the case was set off ten days ahead. I did not undertake or promise to get out process for defendant, but said I would grant him his process in due time and he failed to make application." We are of opinion that under the circumstances the diligence or rather the excuse for want of diligence is sufficient. Without going into the question of the controversy between the court and counsel as to their understanding or misunderstanding as to what was said in regard to issuing process, it is evident that appellant's counsel understood that process would be issued if the sheriff failed to get the absent witness on the fine; and it is further evident that appellant could not have secured the presence of the witness at that term of the court under the statement of the county judge. The officers were seeking to find the witness in order to arrest him on account of a fine assessed against him. It would seem that if the State with its machinery and power of securing this witness, failed to get him, it would be practically without the power of appellant through the process of a subpoena to have him in attendance on the court. The testimony, if true, was very material. The only two witnesses in the case were appellant's wife, who was the prosecuting witness, and appellant himself. The jury would naturally discredit the testimony of appellant, and as this was the first application, and the testimony was material, while the diligence was not critically strict or legal, yet we are of opinion that under the circumstances the case ought to have been continued in order that appellant might secure the presence of the witness.

2. While the witness Hale, sheriff of the county, was testifying, appellant asked him if he knew the reputation of the prosecuting witness, Susan Simmons, in the community where she lived for peace and

violence. He answered that he did, and that it was bad. On cross-examination the State asked the witness if his statement as to her reputation was not based upon what he had heard in reference to defendant and his wife having trouble with each other. He answered in the affirmative. Whereupon the defendant asked the witness if it was not a fact that he had heard of her having many fusses and fights, and if he did not know or hear of the witness having trouble with white women. Appellant was not permitted to prove this, and he reserved an exception. We believe that under the circumstances this was error. He should have been permitted to cross-examine and prove if he could by the witness that, as they had gone into that phase of it, she had had trouble with these other people.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

RAMSEY, JUDGE.—I think the judgment ought to be affirmed. By accepting the bill of exceptions with the court's qualification appellant is bound by it. Under the court's statement there was an utter lack of diligence to secure the attendance and testimony of this witness. Again, the record shows that the witness was a fugitive from justice and that the officers had been unable to apprehend him. Nor is there any reasonable showing that they would ever be able so to do. There must come a time in every case when it must be tried. Matters of this sort are wisely left to the sound discretion of the court. See Anderson v. State, 53 Texas Crim. Rep., 341; Sims v. State, 45 S. W. Rep., 705; Sinclair v. State, 34 Texas Crim. Rep., 453. Nor was there any error in respect to the other matter. Inquiry into controversies of the prosecuting witness with white women was utterly immaterial.