### D. L. BEDFORD v. THE STATE.

No. 6695. Decided February 22, 1922.

Rehearing Denied March 15, 1922.

**1.—Forgery—Indictment—Deed—Conveyance—Securing Debt.**

A written conveyance of land, conveying the interest of the grantor for the purpose of securing a debt, would not prevent its being a deed within the definitions. Following Lockridge v. McCommon, 90 Texas, 234.

**2.—Same—Continuance—Want of Diligence—Truth of Testimony.**

Where the application for continuance shewed a want of diligence and the absent testimony was probably not true and would not have effected the result different from that obtained, there was no error in overruling the application.

**3.—Same—Rule Stated—Diligence—Rehearing.**

A mere affirmation of diligence is not sufficient, but the facts must be set forth showing such diligence, and the right of compulsory process is guaranteed by the Constitution; and one accused of crime who fails to follow the statute must abide the consequences.

**4.—Same—Rule of Court—Practice in Trial Court.**

Reverting to the matter of the existence of a rule of the trial court refusing the issuance of process till causes have been set for trial, referred

to in appellant's motion, this matter is not properly before this court, as no such facts are authenticated by the trial court. However, the trial court was not authorized to make such rule.

### 5.—Same—Record—Continuance—Practice on Appeal—Rule Stated.

This court is compelled to adhere to the utterances of the record before it, and is forced to conclude that the same shows such lack of diligence in the matter of obtaining process of alleged absent witness as called for a refusal of continuance, and this in recognizing the correctness of the proposition that when in doubt as to diligence, the doubt must resolve itself in favor the accused.

### 6.—Same—Continuance—Practice on Appeal—Precedent.

The correctness of our conclusions, that a reversal should not be granted unless we were impressed with the belief that had the absent testimony been at hand, a verdict more favorable to the appellant would have resulted is affirmed in former decisions. Following Browning v. State, 26 Texas Crim. App., 432, and other cases.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of forgery; penalty, five years imprisonment in the penitentiary.

*Green & Boyd,* for appellant.—On question of continuance: Smith v. State, 114 S. W. Rep., 828; Yelton v. State, 170 id., 318; and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, and *E. T. Branch,* District Attorney, for the State.—Cited cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Harris county, and his punishment fixed at five years in the penitentiary.

The conviction was for forgery. In the charging part of the indictment the instrument alleged to have been forged is called a deed. It is set out in the indictment in haec verba, and shows to be a deed of trust. A motion to quash was addressed to this alleged contradictory recital of the indictment. It was properly overruled. That a written conveyance of land conveys the interest of the grantor for the purpose of securing a debt, would not prevent its being a deed within the definitions. 13 Cyc., p. 519; Lockridge v. McCommon, 90 Texas, 234; Words & Phrases, p. 1919.

The only remaining question is the refusal of appellant's request for a continuance. Two witnesses, Maxie and Blocker, were absent. No diligence is shown. The indictment was returned October 30, 1920, and no subpoenas were issued or applied for until July 1, 1921. This appears to be appellant's first effort to obtain the testimony of said witnesses. Subpoena for Maxie was issued to Harris county, for Blocker to Navarro county. Process for both was returned not

served, that for Blocker being returned on July 5th, and that for Maxie on July 8th. No alias process was secured. No reason is stated in the application for failing to further search for Maxie. It is stated that upon the return of said subpoena for Blocker, appellant made diligent inquiry as to his whereabouts. This is but a conclusion. It is further stated that on July 15th appellant located Blocker's mother at Cuney, Texas, and that he expects to learn from her where said witness is. No effort appears to communicate with said mother between July 15th and 18th, the date set for trial. Same might have resulted in locating Blocker and securing his presence. This is clearly not diligence. Vernon's C. C. P., p. 307 for collation of authorities; Yelton v. State, 75 Texas Crim. Rep., 38; 170 S. W. Rep. 318; Brown v. State, 32 Texas Crim. Rep. 119.

The refusal of the continuance was made a ground of the motion for new trial. When so presented there arises the added questions of the likelihood that the absent witness would have testified as stated in the application for continuance, and also the question as to whether such testimony be probably true and likely to effect a result different from that attained. The testimony expected from Blocker appears so contrary to that given by unimpeached witnesses, and so impossible of truth, if theirs be true, as to seemingly justify the conclusions, if said witness was present on the trial he would not have given the testimony desired, and that if present and so testifying, it would not have been believed.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

March 15, 1922. .

LATTIMORE, JUDGE.—It is earnestly insisted that diligence to obtain the testimony of witness Blocker was shown, and that the continuance because of his absence should have been granted. It is stated in the motion for rehearing that the failure to obtain process for said witness between the time of the return of the indictment in October, 1920, and July 1st following, was through no fault of the appellant but resulted from the existence of a rule of the Criminal District Court of Harris county to the effect that no process should issue for a witness till the case was set for trial. If this matter were properly before us we would hold that the lower court had no power to make such rule. The district judge would seem to be in no position to restrain the accused from applying for process to the clerk of the court, whose duty it would be upon application to issue process. The right of compulsory process for witnesses is of the Constitution. Roddy v. State, 16 Texas Crim. App. 502; Homan v. State, 23 Texas Crim. App. 212. Its issuance is not a matter for the discretion of the

trial court. Edmondson v. State, 43 Texas, 230. The statutes are plain in their requirements, see Arts. 525-545, Vernon's C. C. P., and one accused of crime who fails to follow their direction must abide the consequences. Skipworth v. State, 8 Texas Crim. App. 135. The process issued on July 1, 1921, for Blocker was returned on July 5th not served. The date of the setting of the trial was July 18th. In our opinion we stated that what was said in the application for continuance to the effect that appellant made diligent inquiry concerning the whereabouts of said witness between July 5th and July 15th, was but a conclusion. Appellant complains in his motion of this statement of ours. A mere affirmation of diligence is not sufficient, but the facts must be set forth showing such diligence. Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep. 317; Stephens v. State, 69 Texas Crim. Rep., 437, 154 S. W. Rep. 996.

Reverting to the matter of the existence of a rule of the trial court refusing the issuance of process till causes have been set for trial, referred to in appellant's motion, we observe that this is not properly before us. If appellant relied on such rule as any sort of excuse for his failure to procure process for his witness to the next term of court after the return of the indictment, the facts justifying such reliance should have been authenticated by the trial court in some way so that we might have considered such matter. By no bill of exceptions, nor any qualifications to any bill of exceptions, nor in any other way save the statement thereof in his motion for rehearing, has this matter of fact been substantiated here. We judicially know of no such rule, nor did appellant apply in due season for process and make the refusal of same the subject of a bill of exceptions. The record before us speaks only the facts as set out in our opinion, and we are compelled to adhere to the utterances of the record before us as controlling, and we are forced to conclude that same shows such lack of diligence in the matter of obtaining process for said witness as called for a refusal of the continuance under discussion. We recognize the correctness of the proposition that when in doubt as to diligence in such cases, such doubt is usually resolved in favor of the accused, and that this is specially true of the first application for continuance. Phillips v. State, 50 Texas Crim. Rep. 128; Hardin v. State, 52 Texas Crim. Rep. 239; Simmons v. State, 58 Texas Crim. Rep., 574, 126 S. W. Rep. 1157.

The correctness of our conclusion that a reversal should not be granted unless we were impressed with the belief that had the absent testimony been at hand a verdict more favorable to appellant would likely have resulted, is affirmed in Browning v. State, 26 Texas Crim. App. 432; Boyett v. State, 26 Texas Crim. App. 689; Pearce v. State, 27 Texas Crim. App. 93; Massie v. State, 30 Texas Crim. App. 64; Millisons v. State, 34 Texas Crim. Rep. 12. Appellant claimed that his absent witness Blocker would swear that he was present when one John Connor requested appellant to prepare certain notes and a

deed of trust, and that said witness knows that appellant did prepare a deed of trust and notes, and, being called away to Goose Creek, placed the papers he had prepared near a cash register and left them there, saying that he had filled out the acknowledgment on the deed of trust for one Smallwood to sign. An inspection of the application shows that it is not stated that this witness would swear that said papers were the alleged forged papers, nor that appellant did not in fact fill out and sign Smallwood's name to the notes and deed of trust, nor does appellant undertake to place in the mouth of said absent witness any testimony as to what became of said papers later. The forgery was of the name of one Miles Smallwood to a deed of trust. Smallwood denied the execution of the instrument, and further testified that after he learned of such forgery he asked appellant how he came to sign his name thereto, and was informed by the latter that he had expected to pay off the notes and take the matter up before Smallwood learned of it. The witness Connor testified that he received the alleged deed of trust from appellant fully prepared and executed and delivered same to Armstrong, who advanced the $250.00 involved. This money Connor said he delivered to appellant. Armstrong testified that based on said papers he loaned $250.00 for a client, which money he gave to Connor. Mr. Russell, Cashier of the First National Bank of Houston, swore that the signature of Miles Smallwood to the deed of trust was written by the same party who wrote said name in the body of the instrument and in the acknowledgment. This fact was not controverted save by the testimony of appellant. These facts seem to so completely negative and contradict any conclusion of lack of guilt based on the testimony, that we were led to observe that if the testimony of Blocker as set out in the application had been present, it would not likely have produced a different result. So believing we conclude that the case was correctly decided, and appellant's motion for rehearing will be overruled.

*Overruled.*