In the Matter of the Application of CONEY ISLAND DAIRY PRODUCTS CORPORATION, Petitioner, for a Certiorari Order against CHARLES H. BALDWIN, as Commissioner of Agriculture and Markets of the State of New York, Respondent.

Third Department, January 11, 1935.

*Howard M. Rowe* [*Willard R. Pratt* of counsel], for the petitioner.

*Henry S. Manley,* for the respondent.

HILL, P. J.  The license under which petitioner operated as a milk dealer has been revoked by the Division of Milk Control, Department of Agriculture and Markets.  We are reviewing this determination under an order of certiorari.

From the return, petitioner appears to have violated a necessary and salutary rule of the Department, but the determination should be annulled for the refusal by the Commissioner to furnish subpœnas to the petitioner to permit the summoning of witnesses in its behalf. This refusal was the subject of a separate memorandum by the Director of the Division of Milk Control.  It states: " Counsel for the applicant asked to be supplied with at least twenty subpœnas, declining to state whom he wished to subpœna, the character of the testimony, or the exact nature of the testimony to be presented."

Subdivision 2 of section 34 of the Agriculture and Markets Law provides: " All subpœnas shall be signed and issued by the commissioner, assistant commissioner or the secretary of the department and may be served by any person of full age.  *  *  *  Whenever a subpœna is issued at the instance of a complainant, respondent or other party to the proceeding, the cost of the service thereof and the fees of the witness shall be borne by the party at whose instance the witness is subpœnaed."  Had specific authority for subpœnas been lacking in the Agriculture and Markets Law, section 406 of the Civil Practice Act furnishes like power to any board or committee.

In actions or proceedings in courts of record the attorney for a party is empowered to subscribe a subpœna without application

to any official. (Rules Civ. Prac. rule 13; *People ex rel. Jacobs v. Ball*, 37 Hun, 245; *Lowther* v. *Lowther*, 115 App. Div. 307.) The courts of last resort in this State and in the United States have determined the New York State Milk Control Law to be constitutional and, under present conditions, it seems wise and necessary from a business and sociological standpoint. The Legislature has created, in recent years, numerous executive commissions with powers which would have been startling a few years ago. Their control over business and property is beyond that ever exercised by any court. The result of the decision by the Division of Milk Control in this case will destroy a business in which more than 8,000 quarts of milk are sold daily, and render substantially valueless $60,000 of property, as used milk bottles, delivery trucks and plant paraphernalia have little value except for use in a going business. No matter how benevolent the intentions of those in charge of a governmental bureau, their great powers should be exercised only after alleged offenders have had a full hearing with all the safeguards incident to due process.

The privilege of a litigant to enforce the attendance of witnesses is an ancient right and should not be denied by prejudging the materiality of the testimony which may be given. (Wigm. Ev. [1st ed. 1904, Little, Brown & Co.] §§ 2194, 2195.) " Nor is it the question whether parties shall be licensed to cause inconvenience to their neighbors by summoning promiscuously a horde of unnecessary witnesses without risk or hinderance; that abuse can be guarded against by penalties for parties who are found by the court to have summoned witnesses with wanton superfluity." (Wigm. Ev. § 2201.) It is the function of the trial court to determine admissibility when evidence is offered. It may not be prejudged by withholding a subpœna for the witness. (*Friedeberg* v. *Haffen*, 162 App. Div. 79.)

The issuance of a subpœna for a witness during the progress of a cause at the request of a party is a matter of right and not a matter where the discretion of a judge or clerk may be exercised. (*Edmondson* v. *State*, 43 Tex. 230.) According to Wigmore, the statutory origin of the right to subpœna witnesses is found in " The notable statute of Elizabeth in 1562–3 " (St. 5 Eliz. chap. 9, § 12). The same author states concerning the right of a party to call witnesses and have the benefit of their testimony: " It is to be remembered that the demand comes, not from any one person or set of persons, but from the community as a whole,— from justice as an institution, and from law and order as indispensable elements of civilized life." (Wigm. Ev. § 2192.) With a genesis so early and the necessity so graphically and urgently stated by a recognized authority, the right

to subpœna witnesses should not be curtailed without explicit legislative direction.

The determination of the Division of Milk Control should be annulled, with fifty dollars costs and disbursements, and the matter remitted.

RHODES, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Determination annulled, with fifty dollars costs and disbursements, and matter remitted.