E. N. DAVIS V. THE STATE.

No. 19092.   Delivered June 16, 1937.
Rehearing Denied November 10, 1937.

The opinion states the case.

*A. C. Chrisman,* of Cleburne, *Henry R. Bishop* and *W. E. Myres,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant was convicted for driving a motor vehicle on the streets of Cleburne, Texas, at a time when he was intoxicated, his punishment being assessed at imprisonment in the penitentiary for one year.

On the night of September 20, 1936, appellant, while driving a truck on Wilhite Street in the City of Cleburne collided with a city bus and tore the side out of the bus.

It would be useless to set out in detail the evidence; that for the State shows appellant to have been intoxicated at the time. Appellant did not testify, but his witnesses say he was not intoxicated. This fact issue was settled by the jury in favor of the State.

Appellant complains because the court overruled a second application for continuance based upon the absence of the witnesses Robbins and Downs. We understand from the record that a first continuance had been granted appellant because of the absence of two other witnesses. In this second application appellant set up that he could prove by Robbins and Downs that a few minutes before the accident they were with appellant and that he was not intoxicated. The court qualifies the bill by stating that the evidence sought was cumulative of that of

Edna Hamilton who was in the truck with appellant at the time of the collision and who testified that appellant was not intoxicated.

The evidence in the record shows that at a time from twenty to forty-five minutes before the accident appellant was in a cafe with Robbins and another man—presumably Downs—and that both appellant and Robbins were drunk, and that when they left the cafe Robbins got down and appellant was seeking help to get him off the street and that Downs was with appellant and Edna Hamilton in the truck, Robbins having been left at the house lying across the bed. Two rules stated in Branch's Ann. Tex. P. C. with reference to the denial of a continuance become applicable here. In Sec. 319, p. 188, the text states:

"It is not in every case, however, where the absent testimony is material and probably true, that the appellate court will revise the ruling of the trial judge in denying a continuance and a new trial to defendant. It is only in a case where, from the evidence adduced on the trial, the appellate court is impressed with the conviction, not merely that the defendant might possibly have been prejudiced in his rights by such ruling, but that it was reasonably probably that if the absent testimony had been before the jury a verdict more favorable to the defendant would have resulted."

In Section 322, page 189, is found the following text:

"If substantially the same testimony as that which is absent was produced on the trial, the discretion of the court in denying a continuance will not ordinarily be revised on appeal."

We are of opinion that the facts do not present a case where the discretion of the trial court should be criticized. Likewise, this court is not impressed with the conviction that if the absent testimony had been before the jury under the facts here presented it is reasonably probable that a more favorable verdict for appellant would have resulted.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

GRAVES, JUDGE.—After re-examining the record we express our views in the language of Judge O. S. Lattimore as embraced in the opinion he prepared herein shortly prior to his death, but which was not taken into consultation. We quote his language as follows:

"Appellant insists that the evidence does not meet the re-

quirements of the law. The facts show him to have been operating a car, while intoxicated, on a street in the city of Cleburne, spoken of by some of the witnesses as North Wilhite Street and by others as Wilhite Street. We regard the name of the street as sufficiently shown.

"The records in the office of the Secretary of State of the State of Texas show that a copy of the charter of the city of Cleburne was filed there October 10, 1914, of which fact we take judicial knowledge. This sufficiently shows Cleburne to be an incorporated city. See Blackman v. State, 20 S. W. (2d) 784; Inness v. State, 106 Texas Crim. Rep., 524; Pence v. State, 110 Texas Crim. Rep., 378; White v. State, 95 S. W. (2d) 429."

Not being able to agree with appellant, the motion for rehearing is overruled.

*Overruled.*