## GILBREATH v. STATE.
### No. 20176.

Court of Criminal Appeals of Texas.
Feb. 15, 1939.

McClintock & Robertson, of Childress, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The offense is driving an automobile on a public highway while drunk. The punishment assessed is confinement in the county jail for a period of five days and a fine of $50.

Appellant complains of the court's action in overruling his motion for a continuance based on the absence of G. L. Mask and Lester Simms, by whom he expected to prove that both were present at the time and place of the collision. That G. L. Mask removed appellant from his car and had him sent to the hospital. That he, Mask, did not smell the odor of whisky on appellant's breath. By Simms, he expected to prove and alleged that he would have proved, if present, that Simms was with appellant all during the day. That appellant at no time drank any intoxicating liquor and was not under the influence thereof at the time of the alleged offense.

It appears that the witness, Mask, was served with process in Cook County on the 19th day of April, 1938. That on the 27th day of May, appellant's attorney was notified by Mask that he would not attend

the trial unless sufficient money were forwarded to him to defray the expenses of the trip. No effort was made by appellant to forward any money to the witness, nor did he apply for an attachment for said witness although the trial did not begin until the 13th day of June.

It appears that Simms was served with process on the 12th day of January, 1938. That he left the state and went to Louisiana and was in said state at the time of the trial. This witness was beyond the jurisdiction of the court. Moreover, the record fails to show that appellant notified the witness of the setting of his case for trial.

The state controverted the application on the ground that appellant had failed to use proper diligence to secure the testimony of the absent witness.

Ordinarily the granting or refusal of an application for a continuance is addressed to the sound discretion of the trial court, and unless it is made to appear that the court abused his discretion in that respect, this court would not be authorized to disturb his action. In the absence of a statement of facts we are unable to determine whether the court abused his discretion.

In his motion for a new trial, appellant failed to attach an affidavit from the witness, Simms, showing what his testimony would have been had he been in attendance upon the court. Consequently, in the absence of such an affidavit, and a statement of facts, we cannot say that the court abused his discretion. See Davis v. State, 133 Tex.Cr.R. 215, 109 S.W.2d 756; Johnson v. State, 128 Tex.Cr.R. 12, 78 S.W.2d 965; Wiley v. State, 117 Tex.Cr.R. 449, 36 S.W.2d 495.

The statement of facts is in question and answer form and cannot be considered by this court. See Art. 760, C.C.P., Vernon's Ann.C.C.P. art. 760, Lopez v. State, Tex.Cr.App., 119 S.W.2d 1039, and the many authorities there cited.

No error appearing in the record, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.