**Charles Edward ROSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47044.**

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

John S. Powell, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Stu Stewart, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for robbery by assault wherein the punishment, enhanced under Article 62, Vernon's Ann.P.C., was imposed by the court following a verdict of guilty at life.

The sufficiency of the evidence to sustain the conviction is not challenged, and a recitation of the facts is not necessary to the grounds of error raised.

In two grounds of error appellant contends his extrajudicial confession should have been excluded because he was repeatedly asserting his right to counsel from the time of his arrest until the time of his confession eight days later, and that the court erred in refusing to allow his wife to testify before the jury on the issue of the voluntariness of his confession.

On the same date as the trial but prior thereto the trial court conducted a separate hearing on the voluntariness of the confession in accordance with the requirements of Article 38.22, Vernon's Ann.C.C.P. and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Thereafter, the court filed its findings of fact and conclusions of law holding the confession was admissible.

At such hearing Deputy Sheriff Loesch testified he arrested the appellant at appellant's home about 1 a. m. on May 21, 1971. Loesch related he advised the appellant of his rights, that appellant immediately asked for counsel. The exact order thereafter of the requests for counsel is not altogether clear from Loesch's testimony. It appears that the appellant again asked for counsel when they got "downtown" and tried to call one attorney and was unsuccessful but later called another attorney, and Loesch, listening to the conversation, heard the attorney tell the appellant to remain silent and not "give them the time of day."

Appellant was taken before a Justice of the Peace and warned in accordance with Article 15.17, Vernon's Ann.C.C.P. It appears that appellant made no requests of the magistrate. It appears that appellant again requested counsel after he came back from "Judge Millard's" but Loesch continued to interrogate him at the time, but no

confession was obtained. It is not clear from this point to the time the confession was taken seven days later how many times the appellant was interrogated by Loesch. During this interim he related, "I called him down and asked him if he wanted to make a confession and get his business straight, and he wanted to call his wife and his attorney." Loesch related the appellant called his wife and then said he was ready to make a statement, but since it was near "the end of the day" he left the case with other officers. Loesch revealed that "when other officers called him down he changed his mind and didn't make the statement that night."

Loesch was not sure how many other officers attempted to interrogate him during the interim. He did say, "I was a little dissapointed (sic) that they didn't interrogate him more. They said, 'We just called him down and he didn't want to make a statement and we sent him right back upstairs'."

On May 28, 1971, Loesch testified the appellant sent him a note and said he was ready to make a statement. According to Loesch's testimony, appellant was again warned of his rights and made a statement containing a boiler-plate waiver of the right of counsel.

The appellant did not testify but called his wife, Sharon Ross. She stated that no warnings were given the appellant at the time of his arrest, that he was handcuffed and that the officers put "their foot on his head" and threatened to shoot him with a shotgun. Further, she related that when narcotics were found in the house the officers threatened to arrest her and take her downtown and leave the baby unprotected in the house. Such testimony was in contradiction of Loesch's testimony that he had not done these acts. She testified that appellant had called her the night of his arrest and asked her to get him a lawyer. She detailed her efforts to do so, but explained that she had no money to hire the one lawyer with whom she was able to talk. She related that Loesch called her "on the job all the time" and she denied Loesch's testimony that she had told the appellant in a phone conversation "to get his business straight."

At the conclusion of the hearing the court made the aforementioned findings.

At the trial Loesch testified substantially as he had at the hearing and was vigorously cross-examined. Near the close of the first day of trial, the State rested and the appellant called one witness. The next morning, the record reflects:

"MR. POWELL: Comes now the Defendant by and through his Attorney John Powell and offers the same testimony that was given out of the presence of the Jury by the Wife of this Defendant Charles Edward Ross as to the voluntariness of the confession, and the Court has refused to allow said testimony before the Jury on that point, to which the Defendant excepts.

"THE COURT: Yes sir, bring the Jury in, please?"

When the jury was present, the appellant rested his case.

We shall consider appellant's second contention first.

█ Under the provisions of Article 38.-22, Sec. (a)2, Vernon's Ann.C.C.P., an accused is entitled to offer evidence before the jury as to the voluntariness of a confession despite the judge's earlier findings thereon to the contrary.

█ Article I, Section 10, Vernon's Ann.St. of our State Constitution generally gives the accused in a criminal prosecution the right of "compulsory process for obtaining witnesses in his favor . . . ." See also Article 1.05, Vernon's Ann.C.C.P.; Castillo v. State, 469 S.W.2d 572 (Tex.Cr. App.1971). And the issuance of such process is not a matter of judicial discretion. See Bedford v. State, 91 Tex.Cr.R. 285, 238 S.W. 224 (1922).

Further, Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), held that the right of an accused to have compulsory process for obtaining witnesses in his behalf as guaranteed by the Sixth Amendment is so fundamental and essential to a fair trial that it is incorporated in the due process clause of the Fourteenth Amendment applicable to state trials. See Brito v. State, 459 S.W.2d 834, 837–838 (Tex.Cr.App.1970).

In Hardin v. State, 471 S.W.2d 60, 62 (Tex.Cr.App.1971), it was said:

> "It is a fundamental element of due process of law that an accused has the right to present his own witnesses to establish a defense, and due process is denied when the State arbitrarily denies the accused the right to put on the stand a 'witness who was physically and mentally capable of testifying to events that he had personally observed, and whose testimony would have been relevant and material.' Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967)."

Appellant takes the position that the quoted portion of the record shows the court erred "in refusing to allow Defendant's wife to testify before the jury . . . ."

The State seeks to justify the court's action on the fact that the appellant failed to secure a ruling of the court on his request, urging that remarks of counsel are not evidence. The State's reliance upon Mills v. State, 455 S.W.2d 296 (Tex.Cr.App.1970), and Salazar v. State, 397 S.W.2d 220 (Tex.Cr.App.1965) is misplaced. In the instant case the statement made would seem to indicate that appellant's counsel had made his request off the record, and then to insure it was a matter of record, counsel made his statement, including the court's ruling, which was ratified by the court when it said, "Yes, sir . . . ." without further clarifying remarks.

Further, we cannot agree with the State that the wife's testimony, given the day before, in no way related to the admissibility of the confession.

Since this cause must be reversed, we need not consider appellant's first contention. In the event of a retrial, other evidence may be presented concerning this matter.

The judgment is reversed and cause remanded.