Humberto S. Gonzalez v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-470-CR

HUMBERTO S. GONZALEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Humberto S. Gonzalez of three counts of aggravated sexual assault of a child under fourteen years of age and sentenced him to ninety-nine years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant brings three points, arguing that the trial court erred in denying his pretrial motion for continuance, his motion for new trial, and a hearing on his motion for new trial.  Because we hold that the trial court did not err, we affirm the trial court’s judgment.

Motion For Continuance

We review a trial court's denial of a defendant’s requested continuance under an abuse of discretion standard.
(footnote: 2)  Appellant contends that the trial court abused its discretion in denying his motion for continuance because he proved that the motion was not for delay, that he needed an out-of-town witness who he claims was material, and that he diligently tried to locate him.

The grand jury returned its indictment on February 8, 2000.  Counsel was appointed on May 15, 2001.  Appellant’s motion for discovery and 
Brady
(footnote: 3) motion were filed on February 21, 2002.  Appellant filed a motion for appointment of an investigator on March 4, 2002.  On October 24, 2002, the trial court ordered the release of medical records, but not the release of Child Protective Services (CPS) records, which were deemed confidential.  On October 25, 2002, Appellant filed a motion requesting the release of the CPS records.  The trial court does not appear to have ruled on Appellant’s motion but did sign an order granting the release of records to the State on that same date.  On November 4, 2002, the former Texas Department of Protective and Regulatory Services filed a motion to quash Appellant’s subpoena for the CPS records and alternatively requested an 
in camera 
inspection and protective order.  The trial court granted the motion for 
in camera 
review of the records and subsequently held that the records did not contain any 
Brady
 material.  Medical records Appellant had requested were provided on November 11, 2002, eight days before trial.

In the motion for continuance filed November 14, 2002, defense counsel for Appellant pointed out that they had only recently been able to locate the doctor who had initially examined the complainant, who at that examination had denied penetration, and requested more time to secure the doctor’s presence at trial.  The defense’s position was that it did not know how to reach the doctor until after it received the medical records on November 11.  The trial court denied the motion for continuance.  The record does not reflect that Appellant’s 
Brady
 and discovery motions were presented to the trial court until November 18, 2002, the day before he was scheduled for trial.

On appeal, the State argues that the motion for continuance was conclusory and contained only general averments.  The State also argues that the motion is invalid.

Article 29.07 of the Texas Code of Criminal Procedure provides:

Subsequent motions for continuance on the part of the defendant shall, in addition to the requisites in the preceding Article, state also:

1. That the testimony cannot be procured from any other source known to the defendant; and

2. That the defendant has reasonable expectation of procuring the same at the next term of the court.
(footnote: 4)

The State argues that (1) because the motion for continuance fails to state it is Appellant’s first motion for continuance, this court must consider it a subsequent motion, and (2) because the motion for continuance does not comply with the requirements for a second motion, we must find it invalid.  To hold the motion for continuance invalid, we would be required to apply an overly technical review of the motion.  The motion clearly sets out the reasons for requesting the delay and clearly shows the grounds for requesting the continuance.  Although the motion does not state that it is the first motion for continuance, even a cursory review of the record reveals that it is the first motion for continuance.  We decline the State’s invitation to dispose of this issue in such a technical and conclusory fashion.  We hold that the motion is valid.

Appellant filed his 
Brady
 and discovery motions on February 21, 2002.  The record does not reflect any attempt to secure a hearing or ruling on the motions for discovery at any date earlier than the day before the case was set for trial.  That is, there is no evidence that Appellant ever presented the motions to the court prior to the day before trial.  It is not sufficient merely to file a motion and then leave it lingering in the file.  A defendant is required to present the 
Brady
 and discovery motions.
(footnote: 5)  Because Appellant waited until the day before trial was set to present the motion to the trial judge, Appellant could not rely on his failure to secure the discovery requested in the motions as a ground for his motion for continuance.  The trial court did not abuse its discretion in overruling the motion for continuance.  We overrule Appellant’s first point.

Denial Of Motion For New Trial

Appellant argues that the trial court erred in denying his motion for new trial based upon the denial of his motion for continuance.  The State candidly concedes that, even when a trial court properly overrules a defendant’s motion for continuance, the trial court may still err in denying the motion for new trial brought in response to the earlier refusal to grant the motion for continuance.
(footnote: 6) The affidavit in support of the motion for new trial does not clearly state  facts controverting the statements and credibility of the complainant or what exculpatory or mitigating evidence Appellant expected the unavailable witness, Dr. Sands, to offer before the jury.  Appellant failed to show that the presence of Dr. Sands and his live testimony would have altered the verdict.  The medical records regarding Dr. Sands’s examination of the complainant were in evidence, as was the complainant’s admission that she had denied penetration to Dr. Sands.  This evidence was already before the jury.  Appellant’s motion for new trial does not suggest Dr. Sands would have provided any additional significant evidence.  Because Dr. Sands’s testimony, even if believed, would not have affected the outcome of the trial, the trial court did not reversibly err in denying Appellant’s motion for new trial.
(footnote: 7)  We overrule Appellant’s second point.

Hearing on Motion For New Trial

Appellant argues that the trial court abused its discretion in denying a hearing on his motion for new trial.  A defendant has a right to a hearing on a motion for new trial when the motion raises matters that are not determinable from the record.
(footnote: 8)  Appellant’s motion for new trial does not raise issues that are not determinable from the record.  Appellant does not claim in his motion that Dr. Sands would have testified to anything not already in the record, not already ruled on by the court, or not determinable from a review of the record.  The trial court did not abuse its discretion in refusing to grant Appellant a hearing on his motion for new trial.  We overrule Appellant’s third point.

Conclusion

Having overruled Appellant’s three points, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

LIVINGSTON, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 10, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Matamoros v. State
, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995); 
Franks v. State
, 90 S.W.3d 771, 808 (Tex. App.—Fort Worth 2002, no pet.).

3:
Brady v. Maryland
, 373 U.S. 83, 83 S. Ct. 1194 (1963).

4:
Tex. Code Crim. Proc. Ann.
 art. 29.07 (Vernon 1989).

5:
Guevara v. State
, 985 S.W.2d 590, 592 (Tex. App.—Houston [14
th
 Dist.] 1999, pet. ref’d); 
Dowler v. State
, 777 S.W.2d 444, 448 (Tex. App.—El Paso 1989, pet. ref'd).

6:
See, e.g., Davis v. State
, 133 Tex. Crim. 215, 109 S.W.2d 756 (1937); 
Bedford v. State
, 91 Tex. Crim. 285, 238 S.W. 224 (1922).

7:
See
 
Lewis v. State
, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); 
Davis
, 109 S.W.2d at 757.

8:
Reyes v. State
, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993).