COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-470-CR
 
  
HUMBERTO 
S. GONZALEZ                                                      APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Humberto S. Gonzalez of three counts of aggravated 
sexual assault of a child under fourteen years of age and sentenced him to 
ninety-nine years’ confinement in the Institutional Division of the Texas 
Department of Criminal Justice. Appellant brings three points, arguing that the 
trial court erred in denying his pretrial motion for continuance, his motion for 
new trial, and a hearing on his motion for new trial. Because we hold that the 
trial court did not err, we affirm the trial court’s judgment.
Motion For 
Continuance
        We 
review a trial court's denial of a defendant’s requested continuance under an 
abuse of discretion standard.[2]  Appellant 
contends that the trial court abused its discretion in denying his motion for 
continuance because he proved that the motion was not for delay, that he needed 
an out-of-town witness who he claims was material, and that he diligently tried 
to locate him.
        The 
grand jury returned its indictment on February 8, 2000.  Counsel was 
appointed on May 15, 2001.  Appellant’s motion for discovery and Brady[3] motion were filed on February 21, 2002. Appellant filed a 
motion for appointment of an investigator on March 4, 2002.  On October 24, 
2002, the trial court ordered the release of medical records, but not the 
release of Child Protective Services (CPS) records, which were deemed 
confidential.  On October 25, 2002, Appellant filed a motion requesting the 
release of the CPS records.  The trial court does not appear to have ruled 
on Appellant’s motion but did sign an order granting the release of records to 
the State on that same date.  On November 4, 2002, the former Texas 
Department of Protective and Regulatory Services filed a motion to quash 
Appellant’s subpoena for the CPS records and alternatively requested an in 
camera inspection and protective order.  The trial court granted the 
motion for in camera review of the records and subsequently held that the 
records did not contain any Brady material.  Medical records 
Appellant had requested were provided on November 11, 2002, eight days before 
trial.
        In 
the motion for continuance filed November 14, 2002, defense counsel for 
Appellant pointed out that they had only recently been able to locate the doctor 
who had initially examined the complainant, who at that examination had denied 
penetration, and requested more time to secure the doctor’s presence at 
trial.  The defense’s position was that it did not know how to reach the 
doctor until after it received the medical records on November 11.  The 
trial court denied the motion for continuance.  The record does not reflect 
that Appellant’s Brady and discovery motions were presented to the 
trial court until November 18, 2002, the day before he was scheduled for trial.
        On 
appeal, the State argues that the motion for continuance was conclusory and 
contained only general averments.  The State also argues that the motion is 
invalid.
        Article 
29.07 of the Texas Code of Criminal Procedure provides: 

Subsequent 
motions for continuance on the part of the defendant shall, in addition to the 
requisites in the preceding Article, state also:

1. 
That the testimony cannot be procured from any other source known to the 
defendant; and

2. 
That the defendant has reasonable expectation of procuring the same at the next 
term of the court.[4]
 
        The 
State argues that (1) because the motion for continuance fails to state it is 
Appellant’s first motion for continuance, this court must consider it a 
subsequent motion, and (2) because the motion for continuance does not comply 
with the requirements for a second motion, we must find it invalid.  To 
hold the motion for continuance invalid, we would be required to apply an overly 
technical review of the motion.  The motion clearly sets out the reasons 
for requesting the delay and clearly shows the grounds for requesting the 
continuance.  Although the motion does not state that it is the first 
motion for continuance, even a cursory review of the record reveals that it is 
the first motion for continuance.  We decline the State’s invitation to 
dispose of this issue in such a technical and conclusory fashion.  We hold 
that the motion is valid.
        Appellant 
filed his Brady and discovery motions on February 21, 2002.  The 
record does not reflect any attempt to secure a hearing or ruling on the motions 
for discovery at any date earlier than the day before the case was set for 
trial.  That is, there is no evidence that Appellant ever presented the 
motions to the court prior to the day before trial. It is not sufficient merely 
to file a motion and then leave it lingering in the file.  A defendant is 
required to present the Brady and discovery motions.[5]  
Because Appellant waited until the day before trial was set to present the 
motion to the trial judge, Appellant could not rely on his failure to secure the 
discovery requested in the motions as a ground for his motion for 
continuance.  The trial court did not abuse its discretion in overruling 
the motion for continuance.  We overrule Appellant’s first point.
Denial Of 
Motion For New Trial
        Appellant 
argues that the trial court erred in denying his motion for new trial based upon 
the denial of his motion for continuance.  The State candidly concedes 
that, even when a trial court properly overrules a defendant’s motion for 
continuance, the trial court may still err in denying the motion for new trial 
brought in response to the earlier refusal to grant the motion for continuance.[6]
        The 
affidavit in support of the motion for new trial does not clearly state facts 
controverting the statements and credibility of the complainant or what 
exculpatory or mitigating evidence Appellant expected the unavailable witness, 
Dr. Sands, to offer before the jury.  Appellant failed to show that the 
presence of Dr. Sands and his live testimony would have altered the 
verdict.  The medical records regarding Dr. Sands’s examination of the 
complainant were in evidence, as was the complainant’s admission that she had 
denied penetration to Dr. Sands.  This evidence was already before the 
jury. Appellant’s motion for new trial does not suggest Dr. Sands would have 
provided any additional significant evidence.  Because Dr. Sands’s 
testimony, even if believed, would not have affected the outcome of the trial, 
the trial court did not reversibly err in denying Appellant’s motion for new 
trial.[7]  We overrule Appellant’s second 
point.
Hearing on 
Motion For New Trial
        Appellant 
argues that the trial court abused its discretion in denying a hearing on his 
motion for new trial.  A defendant has a right to a hearing on a motion for 
new trial when the motion raises matters that are not determinable from the 
record.[8]  Appellant’s motion for new trial 
does not raise issues that are not determinable from the record. Appellant does 
not claim in his motion that Dr. Sands would have testified to anything not 
already in the record, not already ruled on by the court, or not determinable 
from a review of the record.  The trial court did not abuse its discretion 
in refusing to grant Appellant a hearing on his motion for new trial.  We 
overrule Appellant’s third point.
Conclusion
        Having 
overruled Appellant’s three points, we affirm the trial court’s judgment.


                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE

 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
LIVINGSTON, 
J. concurs without opinion.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 10, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Matamoros v. State, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995); Franks 
v. State, 90 S.W.3d 771, 808 (Tex. App.—Fort Worth 2002, no pet.).
3.  
Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).
4.  
Tex. Code Crim. Proc. Ann. art. 
29.07 (Vernon 1989).
5.  
Guevara v. State, 985 S.W.2d 590, 592 (Tex. App.—Houston [14th 
Dist.] 1999, pet. ref’d); Dowler v. State, 777 S.W.2d 444, 448 (Tex. 
App.—El Paso 1989, pet. ref'd).
6.  
See, e.g., Davis v. State, 133 Tex. Crim. 215, 109 S.W.2d 756 (1937); Bedford 
v. State, 91 Tex. Crim. 285, 238 S.W. 224 (1922).
7.  
See Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); Davis, 
109 S.W.2d at 757.
8.  
Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993).