**Norris Lee SPENCER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45709.**

Court of Criminal Appeals of Texas.

Jan. 31, 1973.

Michael L. Morrow, Dallas, for appellant.

Henry Wade, Dist. Atty., Mike G. McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The conviction is for possession of marihuana; the punishment, fifteen (15) years.

By his first ground of error appellant insists that the court erred in admitting into evidence the marihuana "which was obtained as the result of an illegal arrest and illegal search of appellant's automobile."

The evidence shows that on the day in question, Officer Williams stopped the appellant for operating an automobile with loud mufflers. The officer then discovered that appellant had no driver's license and had an altered inspection sticker on the vehicle. Three other people were in the car, two women in the back seat and a man in the front seat with appellant. As appellant was getting out of the car at the officer's request, Officer Williams saw a small brown bottle fall from between appellant's legs onto the pavement. The officer picked up the bottle and found that it contained one red capsule and two clear capsules in which there was a whitish-brown substance which appeared to the officer to be heroin. Officer Williams then found a penny matchbox with a grass-like substance in it lying next to the curb by the right rear door of the automobile. He then proceeded to search the vehicle and found a grass-like substance on both the front and rear floorboards and a capsule containing a brownish or grayish substance under the rear seat on the left side.

Appellant and the other occupants were then taken into custody and the items found by the officer were placed in a locked box at the jail.

It was shown that the substance in the matchbox and on the floorboards of the vehicle was marihuana and that the capsules in the bottle contained heroin.

■ Under the facts Officer Williams had authority to stop the appellant for driving with a loud muffler and an altered inspection sticker. Article 6701d §§ 134, 142(b) and 153, Vernon's Ann.Civ.Stat.

■ The seizure of the brown bottle which fell to the ground and the penny matchbox lying outside the car near the curb, both in plain view, was not the result of a search. See Parson v. State, 432 S. W.2d 89 (Tex.Cr.App.1968), and Gizzo v. State, 272 S.W.2d 898 (Tex.Cr.App.1954).

It has been held that criminal objects falling within plain view of an officer who has a right to be in a position to have the view are subject to seizure. Legall v. State, 463 S.W.2d 731 (Tex.Cr.App.1971).

■ When Officer Williams discovered what appeared to be heroin in the bottle, he was authorized to arrest appellant for possession of narcotic drugs. Article 14.01 Vernon's Ann.C.C.P. After such arrest, the subsequent search of the car was lawful. Denny v. State, 473 S.W.2d 503 (Tex.Cr.App.1971), and Newhouse v. State, 446 S.W.2d 697 (Tex.Cr.App.1969).

We find no error in admitting the contraband into evidence and overrule the ground of error.

■ In his ground of error number two, appellant insists that "the trial court committed fundamental error in admitting into evidence the appellant's confession, when the undisputed evidence shows the confession was involuntary and was obtained illegally."

The record reflects that after having been taken before a magistrate and receiving the warnings required in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966) and Art. 15.17, V.A.C. C.P., and having been also duly warned by Officer B. T. Zapata, as provided by Art. 38.22, V.A.C.C.P., appellant executed and signed a written confession in which he admitted possessing the contraband found by Officer Williams and exonerated the other three occupants of his automobile of any knowledge of the crime. Before admitting the confession into evidence, the trial judge conducted a hearing in the absence of the jury, as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and Art. 38.22, supra, on the issue of the voluntary nature and admissibility of the confession.

At the hearing, appellant testified in substance that he signed the statement upon the representation of Officer Zapata that he would only file one case against him and that he would receive five years. Attorney Tim Banner testified that at the time appellant signed the confession he talked to both appellant and Officer Zapata over the telephone. He testified that in the telephone conversation Officer Zapata stated he knew appellant was on probation and that he had no objection to running the new case concurrent with the old one when the probation was revoked and that he (Banner) advised the appellant that just one case would be filed against him which would carry "probably a five year sentence to run concurrent with the probation revocation."

Officer Zapata denied that he told the appellant or his attorney that if appellant would sign the statement he would only file one case and that he would not object to a five-year sentence. The officer swore, "I did not promise him a thing."

Before admitting the confession into evidence, the trial court made independent findings of fact and conclusions of law duly filed in the cause to the effect that the statement was voluntarily made without any promises and in accordance with the Constitution and laws of the United States and of this State.

The court in his charge submitted to the jury, with appropriate instructions, the question of the voluntary nature of the confession.

The issue was resolved against appellant by both the trial judge in his findings of

fact and the jury in its verdict. The judge and jury were the exclusive judges of the facts proved and the weight to be given to the testimony. Parker v. State, 432 S.W. 2d 526 (Tex.Cr.App.1968), and Tice v. State, 425 S.W.2d 824 (Tex.Cr.App.1968).

■ The record sufficiently supports the findings of the judge and verdict of the jury. The lapse of forty hours between the time of appellant's arrest and when he was taken before the magistrate would not vitiate his confession. The ground of error is overruled.

We overrule appellant's third and last ground of error wherein he insists that the trial court erred in his findings of fact and conclusions of law concerning the "voluntariness of appellant's confession." We do not agree that the findings and conclusions were against the overwhelming weight of the evidence. Nor do we agree that the court failed to comply with the standards set forth in Jackson v. Denno, supra, by failure to make findings of fact on all the evidence presented.

The judgment is affirmed.

Opinion approved by the Court.