Charles Edward **HARDIN**, Petitioner-
Appellee,

v.

**W. J. ESTELLE, Jr., Director, Texas De-
partment of Corrections, Respondent-
Appellant.**

No. 73-2521

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1973.

John L. Hill, Atty. Gen. of Texas, Lon-
ny F. Zwiener, Joe B. Dibrell, Asst. At-
tys. Gen., Austin, Tex., Jerry Buckner,
Asst. Dist. Atty., James A. Mashburn,
Dist. Atty., Midland, Tex., for respon-
dent-appellant.

William Monroe Kerr, court-appoint-
ed, Midland, Tex., for petitioner-appel-
lee.

Before GEWIN, COLEMAN and
MORGAN, Circuit Judges.

COLEMAN, Circuit Judge:

In September, 1969, a jury in the Tex-
as District Court at Midland convicted
Charles Edward Hardin of robbery by
assault. As a recidivist he was sen-
tenced to imprisonment for life. The
Texas Court of Criminal Appeals af-
firmed, 471 S.W.2d 60. He sought fed-
eral habeas corpus relief on the same
grounds asserted in the Texas Courts, i.
e., denial of compulsory process for his
witnesses and denial of due process by
being tried in leg shackles.

The appellate record indicates that
Hardin has accomplished a "one man
crime wave". Besides the Midland con-
viction, now under habeas review, Har-
din is presently serving a sixty year
term for robbery and a life sentence for
theft. Not yet thirty years of age he
has either pleaded guilty to or been con-
victed of about eleven crimes. Such a
record is not calculated to inspire an
outpouring of post-conviction sympathy.
Nevertheless, Hardin is entitled to and,
along with the State of Texas, has re-
ceived an impartial consideration of the
merits of this appeal.

On March 29, 1973, after a rather ex-
tended evidentiary hearing, United
States District Judge D. W. Suttle di-
rected that Hardin's petition be granted,
both for the denial of compulsory proc-
ess for his witnesses and because the
use of leg shackles, while otherwise all
right, had tainted an in-court identifica-
tion by the only witness who identified
the defendant as the Midland robber.

An appeal was filed. The Attorney
General of Texas declined to pursue the
appeal; but the District Attorney has
done so and the case has been splendidly
briefed for both the prisoner and the
State.

Upon a thorough evaluation of the
record and briefs we are satisfied that
Judge Suttle's decision on the denial of
compulsory process was right. Since the
State of Texas has now adopted a rule
for compulsory process for witnesses
which should prevent any likelihood of a
recurrence of the situation now before

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,
5 Cir., 1970, 431 F.2d 409, Part I.

us we feel that further discussion would be of no precedential value.

Since the District Court was correct as to the denial of compulsory process we need not, and do not, intimate any opinion on the sub-shackles issue as it affected the identification offered by the lone identification witness.

Of course, the State, in its discretion, may try Hardin again, but any such trial should be begun within ninety days of the receipt of our mandate in the District Court if no good cause be shown for additional delay.

The judgment of the District Court is Affirmed.