Norris Lee SPENCER, Appellant,

v.

The STATE of Texas, Appellee.

No. 47875.

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

W. John Allison, Jr., Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Wm. L. Hubbard, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

The record reflects that on May 15, 1970, appellant entered a plea of guilty to an indictment charging burglary with the intent to commit theft. Punishment was assessed by the court at five (5) years, the imposition of the sentence was suspended and the appellant was placed on probation subject to certain terms and conditions. Among such conditions was the requirement that during the term of probation the appellant shall "commit no offense against the laws of this or any other State or the United States."

On March 14, 1973, the State filed an amended motion to revoke probation.

■ The allegation contained in the amended motion to revoke is set forth as follows:

"That Defendant has violated the following conditions (a) of said probation in that (a) Commit no offense against the laws of this or any other State or the United States; (On September 19, 1970, the defendant was filed on by Dallas Police for possession of narcotic; To-wit: Heroin and Marijuana.) (On Nov. 26, 1970, the defendant was arrested for possession of narcotic drug; To-wit: Heroin, and on March 13, 1973, Cause No. C70–9797–NH, the defendant was sentenced to fifteen years in Texas Department of Corrections.)" [1]

On April 5, 1973, a hearing was conducted on said motion wherein appellant was represented by court-appointed counsel.

Harvey Fountain, adult probation officer, testified without objection that:

"On September the 19th, 1970, the Defendant was filed on by the Dallas Police for possession of narcotics, to-wit, heroin and marijuana. Then on November the 26th, 1970, the Defendant was arrested for possession of a narcotic drug, to-wit, heroin. Then on May the 13th, 1973 Cause No. C–70–9797–NH the case was affirmed and the Defendant was sentenced to fifteen years in the Texas Department of Corrections."

The State thereafter offered into evidence the indictment in Cause No. C–70–9797–NH charging the appellant with possession of marihuana "on or about the 26th day of November in the year of our Lord One Thousand Nine Hundred and 70." The judgment and sentence were introduced, as well as the mandate of affirmance in such cause issued by this court on February 16, 1973, in our Cause No. 45,709.[2]

Testifying in his own behalf appellant at first denied, when questioned by the court, that he was the person convicted in Cause No. C–70–9797–NH. He later affirmed the fact he was the person so convicted, but explained his earlier answer on the basis that the court in its question had described the conviction as being one for possession of heroin rather than for possession of marihuana.

■ Appellant first complains that the court erred in permitting the State to amend the motion to revoke probation after the hearing had commenced.

After the appellant had testified he was convicted for possession of marihuana, the State moved to amend its revocation motion to reflect such conviction rather than a conviction for possession of heroin as originally alleged. The court granted the motion to amend over the appellant's objection that he "did not agree to any oral stipulation." Appellant made no complaint then or now that he was misled or surprised, nor did he ask for a postponement in order to meet the amended motion.

---

1. The mere fact of arrest or that the probationer has been filed on, standing alone, is not sufficient to allege that a penal offense has been committed. Vance v. State, 485 S.W.2d 580 (Tex.Cr.App.1972); Rutledge v. State, 468 S.W.2d 802 (Tex.Cr.App.1971) and cases there cited. There was no motion to quash the revocation motion on this basis. Such pleadings, however, are not to be commended. Vance v. State, supra, footnote # 1; Burkett v. State, 485 S.W.2d 578 (Tex.Cr.App.1972). The State in the instant case appears to rely upon a conviction to show the commission of a penal offense. The problems in doing so

are reflected by Mason v. State, 438 S.W.2d 556 (Tex.Cr.App.1969); Hall v. State, 452 S.W.2d 490 (Tex.Cr.App.1970); Jansson v. State, 473 S.W.2d 40 (Tex.Cr.App.1971). Even where the conviction is final, it may be successfully attacked by post-conviction habeas corpus application. The practice is not advisable.

2. See Spencer v. State, 489 S.W.2d 594 (Tex. Cr.App.1973), wherein the evidence showed at the time of his arrest appellant was in possession of both marihuana and heroin

The State acted properly in seeking to amend its motion and the court did not err in permitting the State to do so under the circumstances. Compare the facts in Tate v. State, 365 S.W.2d 789, 790 (Tex.Cr. App.1963).

Appellant also contends the court erred in refusing to grant his pro se application for seven witnesses whose testimony the handwritten application stated was "believed to be material to the defendant."

Article I, Section 10 of our Vernon's Ann.St. State Constitution generally gives the accused in a criminal prosecution the right of "compulsory process for obtaining witnesses in his favor . . . ." See also Article 1.05, Vernon's Ann.C.C.P.; Castillo v. State, 469 S.W.2d 572 (Tex.Cr. App.1971).

█ Accordingly, the Legislature by legislation cannot deprive an accused in a criminal case of this right, Roddy v. State, 16 Tex.App. 502 (1884); Homan v. State, 23 Tex.App. 212, 4 S.W. 575 (1887), and the issuance of such process is not a matter of judicial discretion and a rule of court that infringes upon such right is void to that extent. See Bedford v. State, 91 Tex.Cr.R. 285, 238 S.W. 224 (1922).

█ Further, in Brito v. State, 459 S. W.2d 834, 837–838 (Tex.Cr.App.1970), this court wrote:

"It is true that Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019, held that the right of the accused to have compulsory process for obtaining witnesses in his behalf as guaranteed by the Sixth Amendment is so fundamental and essential to a fair trial that it is incorporated in the due process clause of the Fourteenth Amendment and is applicable to state trials."

In Hardin v. State, 471 S.W.2d 60, 62 (Tex.Cr.App.1971), it was said:

"It is a fundamental element of due process of law that an accused has the right to present his own witnesses to es-tablish a defense, and due process is denied when the State arbitrarily denies the accused the right to put on the stand a 'witness who was physically and mentally capable of testifying to events that he had personally observed, and whose testimony would have been relevant and material.' Washington v. Texas, 388 U. S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967)."

█ This court has repeatedly said that due process applies to revocation hearings. See, e. g., Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App.1970). Cf. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L. Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

█ Did the court then err in refusing to subpoena the witnesses requested? Putting aside any question about the compliance with Article 24.03, Vernon's Ann. C.C.P., in that the application for subpoenas stated that the testimony of the witnesses was "believed to be material" rather than "material" as required by the statute, we observe that the application in the record before us bears no file mark. From the transcription of the court reporter's notes, we know that it was before the court at the time of the hearing when the appellant urged the court to act upon the same. After the court's refusal to grant the same in absence of an affidavit "as to what they are going to testify to," the appellant insisted on a hearing immediately even though the court had offered to reset the hearing since appellant had not been formally served with the revocation motion. After the State had presented its case, the appellant again personally raised the question of whether the court would grant the application for subpoenas, and the court then made an effort to determine the materiality of the testimony of the requested witnesses.

Two of the requested witnesses were State's witnesses at the trial which resulted in the conviction used by the State as the

basis of the revocation and were the Dallas City police officer who arrested the appellant and the one who took his confession. The appellant urged that arresting officer Williams had lied about the reason he stopped the appellant, and that the other officer, Zapata, had offered him a "deal" which the officer did not go along with. He also stated he wanted the attorney who advised him to sign the confession as a witness and asked that an engineer and an artist be subpoenaed. He stated the engineer had "some information that was not brought out in court." He made no further statement about the artist. The other witness requested was the attorney who represented him at the trial and who was in the courtroom representing him at the revocation hearing, but who did not testify. The remaining witness was an unknown magistrate.

Basically, it appears that appellant was urging that his conviction was null and void and that his confession was illegally taken.[3]

After hearing appellant's personal explanation, the court determined that no materiality of the testimony had been shown, and the hearing continued.

First, we observe that after being aware of the court's first refusal to grant the application for subpoenas the appellant insisted that the hearing continue. Even though he urged his application a second time, he did not show that the witnesses would testify favorably for him, what their testimony would be or how it would reflect that the conviction was null and void. One of

the witnesses requested was presented but was not called, and the court pointed out that without further description the unknown magistrate could not be subpoenaed. Undoubtedly, if the witnesses had been subpoenaed at the time requested it would have delayed the hearing, resulting in a postponement or a continuance.

In Hardin v. State, supra, this court held that the trial court may demand sufficient appearance of materiality of a witness' testimony prior to issuance of compulsory process for a witness to appear in defendant's defense, which process will result in a continuance, an attachment or a bench warrant, and that an affidavit or sworn testimony by defendant stating what the witness will testify is a reasonable minimum requirement. Under such circumstances, it was held that the constitutional right of compulsory process is not denied.[4]

Therefore, we conclude that under the particular factual situation here presented the court did not err in refusing the application for subpoenas here in question.

In so holding, the court does not intend to leave the impression that trial courts in revocation proceedings may permit the State to subpoena its witnesses, but cause the probationer to bolster his sworn application for subpoenas with affidavits or sworn testimony as to materiality of the witnesses' testimony before such application will be granted.

■ In his last ground of error appellant urges that "the trial court erred in ordering the sentence for burglary cumula-

---

3. As noted in the opinion in Spencer v. State, 489 S.W.2d 594 (Tex.Cr.App.1973), there was a separate Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), hearing on the voluntariness of the confession where the same contention was advanced by the appellant and decided against him.

4. Although petitioner Hardin was granted federal habeas corpus relief by the United States Circuit Court of Appeals for the Fifth Circuit in Hardin v. Estelle, 484 F.2d 944 (Delivered Sept. 19, 1973), it should be noted that Hardin was tried before this court

announced that such motions to compel the production of witnesses must be accompanied by an affidavit or showing under oath as to what he would have testified if called. See Brito v. State, 459 S.W.2d 834 (Tex.Cr.App. 1970). The Fifth Circuit opinion affirmed the written order by the United States District Court for the Western District of Texas, Midland-Odessa Division, which indicated that a different result might have been reached if the requirements set forth in Hardin had been established at the time of Hardin's trial and the trial court had acted on this basis.

tive with appellant's sentence for possession of marihuana," since the burglary conviction occurred prior to appellant's conviction for possession of marihuana. We do not agree.

Since as in the instant case the sentence was imposed for the first time following appellant's revocation, the court was free to cumulate the sentence with prior outstanding sentences. See Article 42.08, Vernon's Ann.C.C.P.; Ex parte March, 423 S.W.2d 916 (Tex.Cr.App.1968). Therefore, appellant's last contention is without merit.

The judgment is affirmed.