In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00087-CR
______________________________


THOMAS RILEY, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 01F0294-202


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Thomas Riley appeals his conviction for sexual assault of a child. See Tex. Pen.
Code Ann. Â§ 22.011 (Vernon Supp. 2004). A jury found Riley guilty, and the trial court
sentenced Riley to twenty years' imprisonment in accordance with the jury's sentencing
recommendation. On appeal, Riley contends the trial court erred by (1)Â permitting the
State to make an improper closing argument, and (2) cumulating his sentence in this case
with his sentence for robbery in Bowie County cause number 00-F0694-202. 
Â Â Â Â Â Â Â Â Â Â Riley first contends the trial court erred by overruling his objection to the State's
closing argument. During the trial, Riley's identity as the person who sexually assaulted
the victim was hotly contested. The following contains the relevant portion of the State's
closing argument, as well as Riley's objection:
[Prosecutor]: . . . . So the real issue in this case is who sexually
assaulted [the victim]? Now, the defense wants you to believe that, first of
all, it wasn't Mr. Riley. And there was the issue about Patrick Hollins, "Who
was Patrick Hollins?" Patrick Hollins has nothing to do with this case. You
have to remember [the victim] is mentally retarded. She knows -- maybe she
did, maybe she named someone named Pat. And, boy, if I'm a mother and
if my child could give me any information at all, I would be telling the police
every Pat that I know. The police followed up on that, they found a Patrick
Hollins. They sent his DNA down, it was excluded.
Â 
[Defense Counsel]:Objection, Your Honor. That states facts that
aren't in evidence.
Â 
THE COURT:Approach the bench.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â (Bench conference, outside jury's hearing:)
Â 
THE COURT:I think it is, . . . .
Â 
[Defense Counsel]:Well, there was evidence -- something was saidÂ --
Â 
[Prosecutor]:It's in the report.
Â 
[Defense Counsel]:-- but it never came out that it was actually his.
Â 
[Prosecutor]:It's in the report, Patrick Hollins.
Â 
THE COURT:Well, if it's [sic] evidence, it's in evidence. Go
ahead.

Â Â Â Â Â Â Â Â Â Â The State contends the trial court's statement, "Go ahead," is not a ruling on Riley's
objection and, therefore, this issue has not been preserved for appellate review. "To
preserve error for review a defendant must receive an adverse ruling on his objection." 
Ramirez v. State, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991). A trial court's ruling on a
defendant's objection must be "conclusory; that is, it must be clear from the record the trial
judge in fact overruled the defendant's objection or otherwise error is waived." Id. In
Ramirez, the Texas Court of Criminal Appeals held the trial court had implicitly overruled
the defendant's objection and the error was thereby preserved for appellate review. Id. at
650. In this case, the trial court stated that it believed the disputed facts were in evidence
and permitted the State to continue its argument over the defendant's objection. We
believe the trial court's instruction to the State, "Go ahead," was an implicit overruling of
Riley's objection. Therefore, the ruling was adverse to Riley and error was preserved. But
cf. Sands v. State, 64 S.W.3d 488, 491 (Tex. App.âTexarkana 2001, no pet.) (trial court
carried motion with case, did not rule, and defendant later waived objection by permitting
admission of same evidence without objection).
Â Â Â Â Â Â Â Â Â Â There are four permissible areas of jury argument: (1) a summation of the evidence
presented, (2) reasonable deductions from the evidence presented, (3) responses to the
argument(s) of opposing counsel, and (4) pleas for law enforcement. Rocha v. State, 16
S.W.3d 1, 21 (Tex. Crim. App. 2000). In this case, the trial court admitted into evidence,
without objection, the State's ninth exhibit. That exhibit is a laboratory report from the
Texas Department of Public Safety concerning sexual assault evidence collected from the
victim and a suspect identified as "Patrick Hollins." John Donahue, a serologist previously
with the Texas Department of Public Safety, had analyzed DNA from the victim's rape kit
examination and DNA from Patrick Hollins to determine whether Hollins could be excluded
as a suspect in the rape. After conducting the requisite tests, Hollins prepared a laboratory
report that included his findings. In relevant part, the laboratory report states,
The DNA recovered from the sperm fraction of the vaginal swab indicates a
mixture of DNA from two or more persons. The victim is included as a
possible contributor of DNA to this mixture. Suspect Hollins is excluded as
a possible contributor to this mixture.
Â 
(Emphasis added.) 
Â Â Â Â Â Â Â Â Â Â Donahue had also testified that, through DNA testing, he had been able to exclude
Hollins as a suspect. Therefore, there was evidence Hollins had been ruled out as the
perpetrator. We hold the trial court properly overruled Riley's objection to the State's
closing argument.
Â Â Â Â Â Â Â Â Â Â In his second point of error, Riley contends the trial court erred by ordering his
sentence in the case now on appeal be "stacked" on to his sentence from a robbery
conviction. 
Â Â Â Â Â Â Â Â Â Â On December 1, 2000, the 202nd Judicial District Court found Riley guilty of a
robbery committed October 10, 2000, in trial court cause number 00-F-0694-202. The trial
court placed Riley on community supervision for that offense. On November 18, 2002, the
trial court in that cause found Riley had violated the terms and conditions of his community
supervision, revoked Riley's community supervision, and sentenced Riley to six years'
imprisonment.
Â Â Â Â Â Â Â Â Â Â In this case, on February 5, 2003, a jury in the 202nd Judicial District Court, in cause
number 01-F-0294-202, found Riley guilty of aggravated sexual assault, that offense
having occurred July 14, 1999. The trial court ordered that Riley not begin serving the
sentence in the case now on appeal until he first served his sentence for which he received
six years' imprisonment. See Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2004).
Â Â Â Â Â Â Â Â Â Â On appeal in this case, Riley asks us to limit a trial court's discretion to cumulate
sentences to situations where (1) the conviction on which the present sentence is being
stacked chronologically preceded the current charge, and (2) the trial court has carefully
weighed mitigating considerations, such as participation in personal counseling or the
Texas Department of Criminal Justice's "SAFPF" program. 
When the same defendant has been convicted in two or more cases,
judgment and sentence shall be pronounced in each case in the same
manner as if there had been but one conviction. Except as provided by
Sections (b) and (c) of this article, in the discretion of the court, the judgment
in the second and subsequent convictions may either be that the sentence
imposed or suspended shall begin when the judgment and the sentence
imposed or suspended in the preceding conviction has ceased to operate,
or that the sentence imposed or suspended shall run concurrently with the
other case or cases, and the sentence and execution shall be accordingly;
. . . .
Â 
Tex. Code Crim. Proc. Ann. art. 42.08(a). We review a trial court's cumulation order for
abuse of discretion. Pettigrew v. State, 48 S.W.3d 769, 770 (Tex. Crim. App. 2001). 
Â Â Â Â Â Â Â Â Â Â The State maintains "the offense date of either of Riley's felonies is irrelevant." The
State is correct. In Pettigrew, the Texas Court of Criminal Appeals emphasized that, for
the purpose of cumulating sentences, the date sentence is either imposed or suspended
is the key date for the trial court to consider. Id. at 770, 771 (affirming trial court's stacking
of 1995 sexual assault revocation on top of 1997 murder); see Spencer v. State, 503
S.W.2d 557, 561â62 (Tex. Crim. App. 1974) (affirming trial court's stacking order that
defendant's conviction for 1973 offense be served before beginning to serve sentence for
1970 offense), overruled on other grounds, Gordon v. State, 575 S.W.2d 529, 531 n.2
(Tex. Crim. App. 1978). Neither caselaw nor the statute's plain language limits a trial
court's discretion to cumulate sentences to those instances where the defendant's charges
are tried in chronological order according to the date of the offense.
Â Â Â Â Â Â Â Â Â Â In this case, the record reflects Riley was convicted in two separate cases. The
decision whether to order the sentences be served consecutively or concurrently was
entirely within the trial court's discretion. The record does not lead us to conclude the trial
court abused its discretion in this case.
Â Â Â Â Â Â Â Â Â Â We affirm the trial court's judgment.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice


Date Submitted:Â Â Â Â Â Â March 29, 2004
Date Decided:Â Â Â Â Â Â Â Â Â March 31, 2004


Do Not Publish



"Cambria Math";
 panose-1:2 4 5 3 5 4 6 3 2 4;
 mso-font-charset:0;
 mso-generic-font-family:roman;
 mso-font-pitch:variable;
 mso-font-signature:-1610611985 1107304683 0 0 159 0;}
@font-face
 {font-family:Calibri;
 panose-1:2 15 5 2 2 2 4 3 2 4;
 mso-font-charset:0;
 mso-generic-font-family:swiss;
 mso-font-pitch:variable;
 mso-font-signature:-1610611985 1073750139 0 0 159 0;}
@font-face
 {font-family:Tahoma;
 panose-1:2 11 6 4 3 5 4 4 2 4;
 mso-font-charset:0;
 mso-generic-font-family:swiss;
 mso-font-pitch:variable;
 mso-font-signature:1627400839 -2147483648 8 0 66047 0;}
 /* Style Definitions */
 p.MsoNormal, li.MsoNormal, div.MsoNormal
 {mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
p.MsoFootnoteText, li.MsoFootnoteText, div.MsoFootnoteText
 {mso-style-priority:99;
 mso-style-link:"Footnote Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Header Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 tab-stops:center 3.25in right 6.5in;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 tab-stops:center 3.25in right 6.5in;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
p.MsoNoSpacing, li.MsoNoSpacing, div.MsoNoSpacing
 {mso-style-priority:1;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
.MsoPapDefault
 {mso-style-type:export-only;
 margin-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("6-10-048-CR%20Stafford%20v.%20State%20FINAL%20mtd_files/header.htm") fs;
 mso-footnote-continuation-separator:url("6-10-048-CR%20Stafford%20v.%20State%20FINAL%20mtd_files/header.htm") fcs;
 mso-endnote-separator:url("6-10-048-CR%20Stafford%20v.%20State%20FINAL%20mtd_files/header.htm") es;
 mso-endnote-continuation-separator:url("6-10-048-CR%20Stafford%20v.%20State%20FINAL%20mtd_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:1.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-10-048-CR%20Stafford%20v.%20State%20FINAL%20mtd_files/header.htm") eh1;
 mso-header:url("6-10-048-CR%20Stafford%20v.%20State%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-10-048-CR%20Stafford%20v.%20State%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-10-048-CR%20Stafford%20v.%20State%20FINAL%20mtd_files/header.htm") f1;
 mso-first-header:url("6-10-048-CR%20Stafford%20v.%20State%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-10-048-CR%20Stafford%20v.%20State%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
@page WordSection2
 {size:8.5in 11.0in;
 margin:2.0in 1.0in 1.0in 1.0in;
 mso-header-margin:2.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-10-048-CR%20Stafford%20v.%20State%20FINAL%20mtd_files/header.htm") eh1;
 mso-header:url("6-10-048-CR%20Stafford%20v.%20State%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-10-048-CR%20Stafford%20v.%20State%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-10-048-CR%20Stafford%20v.%20State%20FINAL%20mtd_files/header.htm") f2;
 mso-first-header:url("6-10-048-CR%20Stafford%20v.%20State%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-10-048-CR%20Stafford%20v.%20State%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection2
 {page:WordSection2;}
-->











 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00048-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  SAMMUEL STAFFORD,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 188th
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Gregg County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 29704-A

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Moseley








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  After
having been indicted for aggravated sexual assault,[1]
Sammuel Stafford entered into a plea bargain agreement with the State, entering
a plea of guilty to the lesser offense of indecency with a child.Â  Pursuant to the plea bargain agreement, the
trial court deferred the adjudication and placed Stafford on community supervision
for ten years.Â  After Stafford had been
on community supervision for six and a half years of that ten-year term, the
State moved to adjudicate guilt on the underlying charge of indecency with a
child, alleging that Stafford had violated four conditions of his community
supervision, including his failure to properly register as a sex offender. Â In addition to filing this motion to
adjudicate, the State also charged Stafford with the separate offense of
failing to register as a sex offender.[2]Â  Stafford entered a plea of ÂtrueÂ to the
allegations contained in the motion to adjudicate and further entered an open
plea of ÂguiltyÂ to the new charge of failing to register as a sex
offender.Â  The trial court accepted both
of StaffordÂs pleas and sentenced him to five years for the underlying charge
of indecency with a child and assessed a penalty of five yearsÂ confinement for
failing to register as a sex offender, both sentences to be served
concurrently.Â  

Â Â Â Â Â Â Â Â Â Â Â  On
appeal, Stafford argues that: Â (1) his
plea of ÂtrueÂ to the offense as the basis of the revocation of his community
supervision was not knowingly and voluntarily entered; (2) his plea of ÂguiltyÂ
for failure to register was not knowingly and voluntarily entered; and (3) the
trial court violated his right to be free from double jeopardy by using the
offense of failing to register as a sex offender as the basis for revoking his
community supervision while also using that same conduct to find him guilty of failure
to register as a sex offender.

Â Â Â Â Â Â Â Â Â Â Â  We
affirm the trial courtÂs judgment because: Â (1) the admonishment requirements do not apply
to revocation proceedings; (2) the trial court is not required to admonish
Stafford regarding all of the possible collateral consequences of his plea; and
(3) Stafford was not placed in double jeopardy.

Admonishment Requirements Are Not Applicable to Revocation Proceedings

Â Â Â Â Â Â Â Â Â Â Â  In
its application to adjudicate on the underlying offense of indecency with a
child, the State alleged that Stafford violated four conditions of his community
supervision, including failing to register as a sex offender. Â At the revocation hearing, Stafford pled ÂtrueÂ
to the allegations.Â  In his first point
of error, Stafford contends that his plea of ÂtrueÂ was not entered knowingly
and voluntarily because the trial court did not first admonish him regarding
the Ârange of punishment for the revocation offense of Indecency with a Child.Â
Â 

Â Â Â Â Â Â Â Â Â Â Â  Stafford
argues that in order for his plea of ÂtrueÂ to be knowing and voluntary,
Article 27.13 of the Texas Code of Criminal Procedure requires that the trial
court admonish him of the range of punishment attached to the offense of
indecency with a child, as stated in Article 26.13(a)(1).[3]Â  Tex.
Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp. 2010).Â  Article 27.13 of the Texas Code of Criminal
Procedure states as follows:

A plea of ÂguiltyÂ or a plea of Ânolo contendereÂ
in a felony case must be made in open court by the defendant in person; and the
proceedings shall be as provided in Articles 26.13 [admonishments to be given a
defendant upon a plea of guilty, including range of punishment], 26.14 [jury on
guilty plea] and 27.02 [various pleas and motions a defendant may file/enter]. Â If the plea is before the judge alone, same
may be made in the same manner as is provided for by Articles 1.13 and 1.15.

Â 

Tex.
Code Crim. Proc. Ann. art. 27.13 (Vernon 2006).Â  By its clear language, Article 27.13 applies
only to pleas of guilty or nolo contendere made to a felony charge; there is no
indication the statute applies to pleas made at revocation proceedings.Â  The admonishment requirements of Article
27.13 do not apply to community supervision revocation proceedings. Â Gutierrez
v. State, 108 S.W.3d 304, 309Â10 (Tex. Crim. App. 2003); see also Harris v. State, 505 S.W.2d 576 (Tex. Crim. App. 1974) (statute
requiring certain admonishments be given prior to acceptance of guilty pleas
inapplicable in community supervision revocation proceedings).Â  Accordingly, StaffordÂs first point of error
is overruled.

There Is No Requirement to Admonish as to
Collateral Consequences

Â Â Â Â Â Â Â Â Â Â Â  As a result of his community
supervision violations, Stafford was charged with the separate crime of failing
to register as a sex offender, a charge to which he entered a plea of Âguilty.ÂÂ  In his second point of error, Stafford argues
that his guilty plea was not knowing and voluntary because the trial court
failed to inform him of the consequences that his plea could reap in regard to
parole and future punishment enhancements.Â 


Â Â Â Â Â Â Â Â Â Â Â  In
assessing the voluntariness of a plea, we review the record as a whole and
consider the totality of the circumstances. Â Morrow
v. State, 139 S.W.3d 736, 744 (Tex. App.ÂÂTexarkana 2004, no pet.) (citing Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998)).Â  Due process
requires that a defendantÂs guilty plea not only be voluntary, but Âbe knowing,
intelligent acts done with sufficient awareness of the relevant circumstances
and likely consequences.ÂÂ  Brady v. United States, 397 U.S. 742,
748 (1970); Mitschke v. State, 129
S.W.3d 130, 136 (Tex. Crim. App. 2004).Â 
Texas law specifically states, ÂNo plea of guilty . . . shall be
accepted by the court unless it appears that . . . the plea is free and
voluntary.Â Â Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 2010).Â  This requirement assures that each defendant
who pleads guilty to a criminal offense does so with a full understanding of
charges and the direct consequences of his plea. Â State v.
Jimenez, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999). Â On the other hand, ignorance of a collateral
consequence of such a plea does not render it involuntary.Â  Id. Â A consequence is ÂcollateralÂ if it is not a
definite, practical consequence of a defendantÂs guilty plea. Â Cuthrell
v. Director, Patuxent Inst., 475 F.2d 1364, 1366 (4th Cir. 1973).

Â Â Â Â Â Â Â Â Â Â Â  Here,
although Stafford argues that he Âwas not fully informed of the consequences of
his plea,Â he fails to identify whether he believes it would be his trial
counsel or the trial court who bore the burden of informing him.Â  Stafford fails to cite to any caselaw
indicating that either the trial court or his trial counsel was required to
inform him that a guilty plea could be used to enhance future punishments or
affect any possibility of parole, and we are aware of none. Contrarily, courts
have characterized Âpossible enhancement of punishment . . . as Âcollateral
consequencesÂ of which a defendant does not have to be knowledgeable before his
plea is considered knowing and voluntary.Â Â Ex parte
Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (citations omitted). Â Parole has been held to be too Âspeculative [in]
natureÂ to have legal importance on the subject of voluntariness of a guilty
plea. Â Ex parte Evans, 690 S.W.2d 274, 279 (Tex. Crim. App. 1985).Â  Therefore, we overrule StaffordÂs second
point of error. 

No Double Jeopardy Exists for Stafford Here

Â Â Â Â Â Â Â Â Â Â Â  In
his final point of error, Stafford contends that his right to be free from
double jeopardy was violated because he was convicted and/or punished twice for
his failure to register as a sex offender: Â one time as a violation of his terms of
community supervision and again as a stand-alone and separately charged
offense.Â  

Â Â Â Â Â Â Â Â Â Â Â  Our
founding fathers recognized that allowing the authorities to subject citizens
to multiple trials for the same offense Âwould arm Government with a potent
weapon of oppression.ÂÂ  Stephens v. State, 806 S.W.2d 812, 816
(Tex. Crim. App. 1990) (quoting United
States v. Martin Linen Supply Co., 430 U.S. 564, 569 (1977)).Â  Both the Fifth Amendment to the United States
Constitution and Article I, Section 14 of the Texas Constitution prohibit
double jeopardy and thereby protect individuals from being tried twice for the
same offense, possibly receiving double punishments for the same act.Â  Albernaz
v. United States, 450 U.S. 333, 343 (1981); Illinois v. Vitale, 447 U.S. 410, 415 (1980); Stephens, 806 S.W.2d at 814Â15.Â 
A multiple punishments double jeopardy claim can arise in two
contexts.Â  Langs v. State, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006).Â  The first of these is in the lesser-included
offense context, where the same conduct is punished twice, Âonce for the basic
conduct, and [another] time for that same conduct plus more.ÂÂ  Id.Â  The second context occurs where a defendant
is punished for the same criminal act twice under two distinct statutes when
the law-making body intended the conduct to be punished only once.Â  Id.

Â Â Â Â Â Â Â Â Â Â Â  Stafford
cites Ex parte Tarver as being the
controlling authority in this case. Â In Tarver, the State moved to revoke the
defendantÂs probation because he allegedly committed an assault, violating a
condition of his probation. Â Ex parte Tarver, 725 S.W.2d 195, 196 (Tex. Crim. App. 1986).Â  Based on the same facts, the State also
separately charged the defendant with assault.Â 
Id.Â  In denying the StateÂs motion to revoke, the
trial court found the StateÂs allegation to be Ânot trueÂ and the evidence to
be Âtotally incredible.Â Â Id. at 196, 200.Â  When the State then attempted to continue its
prosecution for the separate assault charge, the defendant filed a pretrial application
for writ of habeas corpus, but the trial court denied the writ. Â Id.
at 196Â97.Â  

Â Â Â Â Â Â Â Â Â Â Â  On
appeal, the Texas Court of Criminal Appeals held that the factual findings made
in the probation revocation proceeding collaterally estopped the State from
prosecuting the defendant for assault and that further prosecution would
violate his right to be free from double jeopardy.[4]Â  Id.
at 197.Â  The court acknowledged that,
strictly speaking, the Double Jeopardy Clause is not implicated when the State
prosecutes a defendant for a crime after using the crime as a basis for having
the defendantÂs probation revoked:

The double jeopardy proscription of the Fifth
Amendment to the United States Constitution protects an accused against being
twice placed in jeopardy of punishment for Âthe same offence.Â Â In the instant case, if the district court had
revoked applicantÂs probation, the punishment he received would have been for
the offense of which he was originally convicted, possession of cocaine. Â In the county criminal court at law, applicant
faces the risk of being punished for the subsequent offense, assault. Â He is not, therefore, being twice placed in
jeopardy for the same offense.

Â 

Id.Â  Nevertheless, citing Swisher v. Brady, 438 U.S. 204, 216 (1978),
the court held that allowing the prosecution would implicate Âone of the risks
the Double Jeopardy clauses [sic] protects againstÂ: 

[T]he district court found that the allegation the
State sought to prove in the revocation hearing, that applicant had assaulted
the complainant, is not true. Â The State
is now attempting to relitigate that same issue. Â The doctrine of collateral estoppel bars such
a relitigation.

Â 

Tarver, 725 S.W.2d at 198Â99.Â 


Â Â Â Â Â Â Â Â Â Â Â  In Tarver, on a motion to revoke probation,
the trial court had specifically found the evidence of assault to be not
credible and the allegations that the defendant violated his probation to be
not true.Â  The Texas Court of Criminal
Appeals emphasized that the trial courtÂs factual findings were the basis of
its decision and that it was only in these Âparticular circumstancesÂ that the
findings in a revocation proceeding would bar future prosecution for the same
offense.[5]
Â Id.
at 200. Â Here, the trial court made no such
factual findings. Â Therefore, Tarver is distinguishable; we overrule
StaffordÂs third point of error.Â Â  

Â Â Â Â Â Â Â Â Â Â Â  We
affirm the judgment of the trial court.

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  January
12, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  January
27, 2011

Â 

Do Not Publish 











[1]Cause
number 29704-A.

Â 





[2]Cause
number 38872-A.





[3]Even
though Stafford does not contest the voluntariness of his original plea of
guilty to indecency with a child, on appeal, he contends that Â[t]here was no
mention of the punishment range for indecency with a child.ÂÂ  There is no mention of the punishment range
during the revocation proceeding.Â 
However, the record from April 11, 2003, shows a written admonishment
that Stafford faced a Âterm of not more than 20 years or less than 2 years . .
. and in addition, a fine not to exceed $10,000,Â and during the hearing, the
trial court reiterated that Stafford faced a possible sentence Âup to 20 years
in prison and a $10,000 fine.ÂÂ  Stafford
acknowledged that he reviewed and understood the admonishment.Â  Therefore, as it regards StaffordÂs original
plea of guilty, the trial court substantially complied with Article 27.13 and
Article 26.13(a)(1). 





[4]The
court acknowledged that the constitutional basis for applying collateral
estoppel to criminal proceedings is the Double Jeopardy Clause of the Fifth
Amendment. Â See Tarver, 725 S.W.2d at 199.





[5]
The Texas Court of Criminal Appeals cautioned against the expansion of the Tarver decision:

Â 

We emphasize the narrowness of
this holding.Â  A mere overruling of a
StateÂs motion to revoke probation is not a fact-finding that will act to bar
subsequent prosecution for the same alleged offense. A trial court in a motion
to revoke probation hearing has wide discretion to modify, revoke, or continue
the probation. Â A court may continue or
modify the probation even though finding that the allegations in the motion to
revoke probation are true.Â  A trial courtÂs
decision either to revoke or continue a probationerÂs probation may involve no
fact-finding. Â It is only in the
particular circumstances of this case, where the trial court does make a
specific finding of fact that the allegation is Ânot true,Â that a fact has
been established so as to bar relitigation of that same fact. Furthermore, an
acquittal of the offense will not bar a subsequent revocation of probation
based on the same allegation. 

Â 

Id. at 200
(citations omitted).